# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 3:11-00221 |
| | ) | **Judge Sharp** |
| **JOHN HALE.** | ) | |

# ORDER

The Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 *et seq*. ("SORNA") makes it a crime to "knowingly fail[] to register or update a registration as required by the" Act. Defendant John Hale, who was indicted for failing to register "[b]etween on or about February 11, 2011, and on or about March 30, 2011, in the Middle District of Tennessee and elsewhere," has filed a "Motion to Dismiss Indictment" (Docket No. 20).

Defendant moves to dismiss on the grounds that Tennessee had not implemented SORNA by the date he allegedly failed to register. This argument is foreclosed by the recent decision in United States v. Felts, ___ F.3d ___, ___, 2012 WL 762977 at *2 (6th Cir. March 12, 2012) in which the Sixth Circuit held that "[t]he duty to register in a state registry is independent of a state's degree of implementation of SORNA," and therefore a defendant's "failure to register in Tennessee's registry constitute[s] a failure to register as required by SORNA," even "if Tennessee failed to implement SORNA" at the time a defendant was required to register. Id.

Defendant also argues that the Indictment should be dismissed because "[u]nder the Commerce Clause, Congress has power to regulate 'three broad categories of activity,'" but "none of these three (3) categories are involved in requiring an individual state sex offender to register under" SORNA. (Docket No. 20 at 10, quoting, United States v. Lopez, 514 U.S. 549, 558 (1995)). This argument too, however, is foreclosed by recent Sixth Circuit precedent. In United States v.

Coleman, ___ F.3d ___, ___, 2012 WL 1034016 at *6 (6th March 29, 2012) the court held that, under the categories set forth in Lopez, "SORNA fits squarely within Congress's Commerce Clause powers[.]"

Accordingly, Defendant's Motion to Dismiss Indictment (Docket No. 20) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE